IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| CHARLES T. HOPKINS, JR., | * |
| Plaintiff, | * Case No. _____ |
| v. | * Removed from the Circuit Court of Montgomery County, Maryland |
| CAPITAL ONE, N.A., | * Case No. 371604V |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant Capital One, N.A. ("Capital One"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland (Southern Division). This Court has jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In further support of this Notice of Removal, Defendant Capital One states:

### I.   PLAINTIFF'S COMPLAINT

1. On or about December 14, 2012, Plaintiff Charles T. Hopkins, Jr. filed his Complaint in State Court against Defendant Capital One in the Circuit Court of Maryland for Montgomery County. The State Court case is styled: *Charles T. Hopkins, Jr. v. Capital One, N.A.*, Case No. 371604V (the "State Court Action"). By agreement of the parties, the summons and Complaint were served on counsel for Capital One, John C. Armstrong, on December 20, 2012.

2. The Complaint is based on allegations related to a Capital One credit account. In the Complaint, Plaintiff's first cause of action against Capital One asserts a violation of the Fair Credit Reporting Act ("FCRA") - Section 623(a)(1)(A), 15 U.S.C. § 1681s-2(a)(1)(A); Plaintiff's second cause of action asserts a violation of the FCRA - Section 623(a)(7), 15 U.S.C. § 1681s-2(a)(7); and Plaintiff's third cause of action asserts a violation of the FCRA - Section 623(b)(1), 15 U.S.C. § 1681s-2(b). *See* Compl. pp. 9-13. The Complaint also includes two additional causes of action for defamation and negligence. *See* Compl. pp. 13-15.

3. Plaintiff demands damages from Defendant Capital One by seeking, *inter alia*, actual damages, statutory damages, punitive damages, and attorney's fees.

## II. REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1441. This Court has original jurisdiction under 28 U.S.C. § 1331, which provides: "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1]

5. Pursuant to 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Specifically, this Court has original jurisdiction of this action because Counts I, II, and

---

[1] In the alternative, this case may also be removed as a diversity action pursuant to 28 U.S.C. § 1332(a). This Court has original jurisdiction under 28 U.S.C. § 1332(a) which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the ... value of $75,000" and is between "citizens of different States...." Here, Plaintiff is a resident of the State of Maryland. (Compl. ¶2.) Capital One is a national bank and its "principal office" is located in the State of Virginia. (Compl. ¶2.) Plaintiff's Montgomery County Circuit Court information report seeks tort damages "Over $100,000." *See* **Exhibit A**, Montgomery County Circuit Court "Civil Non-Domesitc Case Information Report." Thus, based upon complete diversity between Plaintiff and Capital One and the fact that the amount in controversy exceeds $75,000.00, this Court also has jurisdiction under 28 U.S.C. § 1332(d) and removal is appropriate under 28 U.S.C. § 1441.

44552815_1

III allege violations of the FCRA, federal claims that arise under the law of the United States. *See* Compl. pp. 9-13.

6. This Court has jurisdiction over the remaining count(s) pursuant to 28 U.S.C. § 1367.

### III.  REMOVAL PROCEDURES

7. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). Defendant Capital One seeks to remove this case to the District of Maryland, Southern Division. The Circuit Court of Montgomery County, Maryland is located within this District and cases arising in Montgomery County, Maryland are properly assigned to the Southern Division of this Court. *See* 28 U.S.C. § 100(1).

9. Pursuant to 28 U.S.C. § 1446(a), all copies of all process, pleadings, and orders served upon Defendant Capital One in the State Court Action are collectively attached hereto as **Exhibit B**. Pursuant to Local Rule 103(5)(a) true and legible copies of all other documents on file in the state court are collectively attached as **Exhibit C**.

10. Written notice of the filing of this Notice of Removal will be served upon Plaintiff.

3

44552815_1

11.     Removal based on federal question jurisdiction is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty (30) days from the date this action was served or otherwise received by Defendant Capital One, which was, at the earliest, December 20, 2012. By agreement of the parties, Plaintiff provided a copy of the Summons and Complaint to Defendant Capital One via hand delivery to Capital One's counsel on December 20, 2012.[2]

12.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed concurrently with the Clerk of the Circuit Court for Montgomery County, Maryland and served upon all parties of record. A copy of the written notice of the Notice of Removal is attached hereto as **Exhibit D**.

13.     In filing this Notice of Removal, Defendant Capital One does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

---

[2] Counsel for Capital One was served with the Summons and Complaint prior to the hearing on Plaintiff's Motion for Temporary Restraining Order, a motion which was granted by the Circuit Court for Montgomery County.

## IV. CONCLUSION

WHEREFORE, Defendant Capital One, N.A. respectfully requests the above-captioned action now pending in the Circuit Court for Montgomery County, Maryland, be removed to the United States District Court for the District of Maryland, Southern Division, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated this 8th day of January, 2013.       Respectfully submitted,

_____
Sung B. ("Ben") Yhim (Fed. Bar No. 17106)
John C. ("J.C.") Armstrong (Fed. Bar No. 29125)
**McGuireWoods LLP**
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4435
(410) 659-4483 (Facsimile)
syhim@mcguirewoods.com
jarmstrong@mcguirewoods.com

*Counsel for Defendant*
*Capital One, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2013, a copy of the foregoing Notice of Removal was sent by first class mail, postage prepaid, and electronic mail to the following:

>Daniel A. Ball
>Ball Law Offices, P.C.
>5410 Edson Lane, Suite 315
>Rockville, Maryland 20852
>dball@dablaw.com
>
>Gregg A. Hand
>Hand Law Offices, LLC
>5410 Edson Lane, Suite 315
>Rockville, Maryland 20852
>ghand@handlegal.com
>
>*Attorneys for Plaintiff*

_____
Sung B. ("Ben") Yhim